[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  17-10817

_____

D.C. Docket No. 3:15-cv-00130-TCB

GEMINI INSURANCE COMPANY,

Plaintiff - Appellee,

versus

BETTY ORTEGA CASTRO,
ANN HERRERA,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 24, 2018)

Before WILLIAM PRYOR and CLEVENGER[*], Circuit Judges[**].

---

[*] Honorable Raymond C. Clevenger, III, United States Circuit Judge for the Federal Circuit, sitting by designation.

[**] These proceedings were held before a quorum panel.  *See* Rule 34-2, Rules of the U.S. Court of Appeals for the Eleventh Circuit.

CLEVENGER, Circuit Judge:

Jose Castro ("Mr. Castro") was struck and killed by a tractor-trailer operated by Jerry Marella, an employee of Freddie Payne, LLC. The trailer Marella was hauling was insured under an umbrella policy issued by Gemini Insurance Company ("Gemini"). Gemini brought a declaratory judgment action against Betty Ortega Castro ("Ms. Castro," Mr. Castro's surviving spouse) and Ann Herrera (administrator of Mr. Castro's estate), among others. The district court determined that Marella and Freddie Payne, LLC were not insureds under Gemini's policy, and entered partial judgment on the pleadings in Gemini's favor. The district court had jurisdiction under 28 U.S.C. § 1332, and prior to the institution of this appeal, had entered final judgment on *all* claims. We have jurisdiction under 28 U.S.C. § 1291. Upon review of the record, and with the benefit of oral argument from counsel for the parties, we affirm the district court's entry of partial judgment on the pleadings.

## I.    BACKGROUND

The relevant facts of this case are undisputed, and are ably set forth in detail by the district court in the opinion below. *See Gemini Ins. Co. v. Stafford Trans., Inc.*, No. 3:15-cv-130-TCB, 2016 WL 4582071 (N.D. Ga. May 27, 2016).

On June 10, 2013, at a landfill in Polk County, Georgia, Mr. Castro was struck and killed by a tractor-trailer operated by Marella. The trailer Marella was

2

pulling was owned by Stafford Logistics, Inc. ("Stafford"), which had contracted out the job of pulling the trailer to Marella's employer, Freddie Payne, LLC.  It is undisputed that at the time of the accident, Marella was acting within the scope of his employment with Freddie Payne, LLC.  Nor is it contested that Freddie Payne, LLC—and by extension, Marella—had Stafford's permission in hauling the trailer.

There were multiple insurance policies that covered Stafford's trailer.  But this litigation is solely over an umbrella insurance policy issued by Gemini to Stafford that covered the trailer.

A.    **Gemini's Insurance Policy**

The relevant portion of Gemini's policy is Section II, which consists of three subsections and is entitled "who is an insured."   Subsection II.2 addresses the scope of insurance coverage "with respect to liability arising out of the ownership, maintenance, or use" of insured vehicles.  Subsection II.1 deals with other kinds of liability not stemming from the "ownership, maintenance, or use" of insured vehicles.  And Subsection II.3 addresses the scope of coverage when there is an additional underlying insurance policy.   Here, we focus on Subsection II.2.b, which provides in relevant part: "Anyone . . . *while using with your permission* a 'covered auto' you own, hire, or borrow is . . . an insured . . . ." (emphasis added). As noted above, Stafford contracted with Freddie Payne, LLC to pull Stafford's trailers, so presumptively, Freddie Payne, LLC and Marella—the driver employed

3

by Freddie Payne, LLC—would be insureds until Section II.2.b because they had Stafford's permission in pulling the trailer. But at the bottom of Section II, underneath Subsection II.3, is an exclusionary clause (the "LLC limitation") that states: "No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations." The LLC limitation is flush to the margin of the page, unlike the other terms found within Section II (as well as other parts of the insurance contract), which are indented to various degrees. Neither Freddie Payne, LLC nor Marella were named insureds in the declarations.

## B.    District Court Proceedings

In 2014, Ms. Castro and Herrera filed a complaint in the State Court of Fulton County, Georgia, against Marella and Freddie Payne, LLC among others, for damages stemming from Jose Castro's death. In view of its potential indemnity obligations in the underlying state court action, Gemini sought declaratory relief in the Northern District of Georgia against, *inter alia*, Ms. Castro and Herrera. Gemini asserted that even though the trailer was covered under its umbrella policy, the LLC limitation excluded Marella and Freddie Payne, LLC from coverage.

The district court determined that Marella and Freddie Payne, LLC were not insureds under Gemini's policy because of the LLC limitation. The court reasoned that first, the positioning of the LLC limitation (i.e., flush to the left margin of

Section II) relative to other portions of Section II (i.e., indented) meant that the limitation unambiguously applied to *all* of Section II as opposed to merely Subsection II.3.  Freddie Payne, LLC is a limited liability company, so therefore, it would fall under the exclusion.  Furthermore, the court held that an LLC could only act through individuals, so the limitation must exclude coverage for Marella—who was undisputedly acting within the course and scope of his employment—in order for the LLC limitation to have any effect, because "a limited liability company, like a corporation, 'is an artificial entity that can act only through agents'" (quoting *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)).  The district court rejected the allegation that Marella is liable in his personal capacity because the LLC limitation expressly excludes any "person" (i.e. Marella) "with respect to the conduct of any . . . limited liability company."

Thus, the district court entered partial judgment on the pleadings in Gemini's favor.  Ms. Castro and Herrera timely appeal.

## II.    STANDARD OF REVIEW

We review de novo a district court's decision to grant judgment on the pleadings, appropriate only when no material facts are in dispute and the moving party is entitled to judgment as a matter of law.  *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).  Questions of contract interpretation are pure questions of law reviewed de novo.  *Gibbs v. Air Canada*, 810 F.2d 1529, 1532

5

(11th Cir. 1987).  Moreover, we conduct de novo review of a district court's interpretation of state law.  *Mink v. Smith & Nephew, Inc.*, 860 F.3d 1319, 1324 (11th Cir. 2017).

### III.    DISCUSSION

### A.    The LLC Limitation

Under Georgia law, insurance contracts "are interpreted by ordinary rules of contract construction."  *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 498 S.E.2d 492, 494 (Ga. 1998).  The threshold question is whether ambiguity appears on the face of the contract; if there is no ambiguity, then the contract is enforced as written.  *Gill v. B & R Int'l Inc.*, 507 S.E.2d 477, 480 (Ga. Ct. App. 1998).

The arguments the appellants make on appeal are virtually identical to those made to the district court.  Appellants maintain that if the LLC limitation were to apply to all of Section II, that would vitiate other parts of the insurance contract— namely, Subsections II.2.b and II.2.c.  Subsection II.2.b excludes from the definition of an insured certain individuals and business entities who are permissive users of the insured vehicle.  And subsection II.2.c extends coverage to "[a]nyone liable for the conduct of an insured."  We are unpersuaded by appellants' arguments.  Like the district court, we find that Gemini's insurance contract is facially unambiguous, and thus, the LLC limitation applies to all of Section II.

6

Georgia's contract interpretation statute directs us to look at the entire contract before arriving at an interpretation of a specific part of the contract. GA. CODE ANN. § 13-2-2(4). In other parts of the Gemini contract, the indentation of particular portions of the contract conveys whether a particular portion is applicable to one subpart, or the entire subsection. As indentation matters to the contract as a whole, the LLC limitation, which is not indented at all and is flush to the margin, would logically apply to the whole of Section II. We—as well as the district court—find as persuasive authority *Burns v. Scottsdale Ins. Co.*, No. C08-1136RSL, 2010 WL 2947345, at *4 (W.D. Wash. July 23, 2010), *aff'd*, 434 F. App'x 675 (9th Cir. 2011). There, a court found that a contract provision identical to the LLC limitation here applied to the "entire section" of the policy as opposed to merely the subsection the provision was positioned underneath because the provision's text "is flush to the left margin." *Id.* Furthermore, the LLC limitation does not vitiate the other parts of Section II because that is simply what an exclusion is and how it acts; it prevents coverage where there otherwise would have been coverage. And as the district court pointed out, there exist other business entities (i.e., corporations) that the LLC limitation is inapplicable to, and whose agents and employees would be insured under the terms of Section II.

**B.     Freddie Payne, LLC and Marella are Not Insureds**

Because Freddie Payne, LLC is a limited liability company, the LLC limitation would clearly exclude it from the definition of covered insureds.  In regard to Marella, however, appellants' counsel asserts that he should not fall under the LLC limitation because in the underlying state court action, Marella is being sued both in his individual capacity and as an employee of Freddie Payne, LLC.  Again, this is the same argument that was made to the district court.  We find it unconvincing for two reasons.

First, the LLC limitation states that there shall not be coverage of any "*person . . . with respect to the conduct of any current or past . . .* limited liability company" (emphasis added).  Marella's actions, which were undisputedly within the course and scope of his employment, were actions taken within the scope of his employment with Freddie Payne, LLC.  Marella is clearly a "person" acting on behalf of Freddie Payne, LLC.  And as the district court reasoned, an LLC cannot act without its agents because business organizations are artificial constructs.  Pointing out that Marella and Freddie Payne, LLC are different entities is not an escape hatch to the inevitable conclusion that without Marella, Freddie Payne, LLC would not have been able to act here.  There always are individuals behind the actions of LLCs, and so appellant's reading of the contract would vitiate the LLC limitation.

8

Second, under Georgia law, "where a party's liability is solely vicarious, that party and the actively-negligent tortfeasor are regarded as a single tortfeasor." *PN Express, Inc. v. Zegel*, 697 S.E.2d 226, 233 (Ga. Ct. App. 2010). Freddie Payne, LLC's liability can only be vicarious in this situation because as explained above, it is an artificial construct, so Marella and Freddie Payne, LLC's liability here (if any) is coextensive. Thus, Marella and Freddie Payne, LLC are regarded as a single tortfeasor. Since we have found that Gemini contract excludes Freddie Payne, LLC as a covered insured, Marella also falls within the LLC limitation's orbit.

## IV.    CONCLUSION

For the reasons stated above, we find that Marella and Freddie Payne, LLC are not covered insureds under Gemini's insurance contract. As such, we affirm the district court's entry of partial judgment on the pleadings.

**AFFIRMED.**